## Case No. 16,645.

### UNITED STATES v. WARY.

[1 Cranch, C. C. 312.] 1

Circuit Court, District of Columbia. June Term, 1806.

#### SECONDARY EVIDENCE.

Parol evidence of the contents of a warrant cannot be given, unless the loss of the warrant be proved.

[Cited in U. S. v. Long, Case No. 15,625.]

Indictment [against William Wary] for resisting Clement Venable in the execution of his duty as a constable, in serving a warrant from Samuel N. Smallwood, a justice of the peace. The justice swore that he had searched the papers among which it was probable that the warrant would be filed, but if he had had more time to search he thought it probable it could be found.

THE COURT thought this not sufficient to admit parol evidence of its contents, and refused to wait while the witness should make further search, it being Saturday, half past two o'clock p. m., and the witness' office being more than a mile distant.

Verdict, not guilty.

## Case No. 16,646.

### UNITED STATES v. WASHINGTON.

[2 Cranch, C. C. 174.] 1

Circuit Court, District of Columbia. June Term, 1819.

#### MANDAMUS TO MUNICIPAL CORPORATION.

1. A writ of mandamus is the proper process to compel the corporation of Washington to pay to the county treasurer one half of the expense of erecting a bridge over Rock creek, according to the 11th section of the act of congress of the 1st of July, 1812 [2 Stat. 773].

2. The levy court is authorized by the act to ascertain, conclusively, the sum required for the rebuilding of the bridge.

The treasurer of Washington county, by his petition, prayed the court to issue a writ of mandamus to compel the mayor, aldermen, and common council of the city of Washington to pay over to the treasurer of the county of Washington one half of the expense of rebuilding a bridge over Rock creek. By the act of congress of the 1st of July, 1812, § 12 (2 Stat. 773), it is enacted "that the two bridges over Rock creek, immediately between the city of Washington and Georgetown, shall be kept in repair, and rebuilt in like manner as at present, at the joint expense and cost of the said city and Georgetown; and the sums required for such repairs or rebuildings shall, from time

to time, be ascertained by the said board of commissioners or levy court, for the county; and the amount required from each corporation shall be paid over, after sixty days' notice, to the treasurer of the county." The levy court had ascertained the sum required for the rebuilding of the bridge, and given notice to the corporation of Washington. This court thereupon granted a rule on the corporation to show cause why a writ of mandamus should not issue to compel them to pay one half of the amount thus ascertained.

The corporation of Washington appeared by Mr. Law and Mr. Caldwell, and contended that the rule should not be made absolute: (1) Because a mandamus is not the proper remedy in this case for the recovery of whatever claim the levy court might have, but that they ought to proceed by action at law. (2) That the court had no power to issue the writ of mandamus, because it was not necessary to the exercise of its jurisdiction. McIntire v. Wood, 7 Cranch [11 U. S.] 504. (3) That the bridge was not rebuilt in like manner as it originally stood, was much enlarged, and built in a much more expensive manner.

THE COURT (nem. con.) declined hearing the counsel on the other side upon the question whether the writ of mandamus was the proper remedy, being clearly of opinion that it was, and that the levy court had authority, under the act of congress, to ascertain the cost; and requested the counsel for the mandamus to show that the proceedings of the levy court were conformable to the act of congress.

THE COURT said that, if the case was ready for a peremptory mandamus (it being understood that the counsel on both sides had agreed that the case should now be considered as if it were heard upon a return of a mandamus nisi), a peremptory mandamus should issue. The matter was afterwards settled between the parties.

I cannot find that this case was ever entered upon the records or the minutes of the court; the petition for the mandamus, the answer to the rule to show cause, and a note of the opinion of the court are among the papers in No. 45, petition docket of June, 1819.